1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12   UNITED STATES OF AMERICA,        CR. NO. 2:07-0248-16 WBS

13                  Plaintiff,        ORDER RE: MOTION TO REDUCE
                                      SENTENCE PURSUANT TO 18 U.S.C. §
14        v.                          3582(c)(2)

15   FAUSTINO GONZALES,

16                  Defendant.

17

18                            ----oo0oo----

19        Before the court is defendant Faustino Gonzales' Motion

20   for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)

21   ("section 3582(c)(2)") and Amendment 782 to the United States

22   Sentencing Guidelines ("Guidelines").  (Def.'s Mot. (Docket No.

23   1507).)

24        On March 24, 2011, defendant entered into a plea

25   agreement with the government whereby he agreed to plead guilty

26   to one count of conspiracy to distribute and possess with intent

27   to distribute at least fifty grams of methamphetamine (actual) in

28   violation of 21 U.S.C. §§ 846 and 841(a)(1).  (Plea Agreement

                                   1

1   (Docket No. 823).)  The plea agreement provided that a sentence

2   of 188 months imprisonment would be appropriate in defendant's

3   case.  (Id. at 2.)

4            On July 18, 2011, the United States Probation Office

5   issued a presentence report ("PSR") in defendant's case.

6   (Presentence Report.)  The PSR recommended a total offense level

7   of 35 and criminal history category of II, and a resulting

8   Guidelines sentencing range of 188 to 235 months, for defendant.

9   (Id. at 23.)

10           On October 17, 2011, the court held a sentencing

11  hearing for defendant.  (Oct. 17, 2011 Tr. (Docket No. 1486).)

12  At the hearing, the court adopted the PSR and found defendant's

13  total offense level to be 35, criminal history category to be II,

14  and Guidelines sentencing range to be 188 to 235 months.  (See

15  id. at 2.)  The court sentenced defendant to 188 months in

16  prison.  (Id. at 11.)

17           On November 1, 2014, the United States Sentencing

18  Commission ("Commission") promulgated Amendment 782 to the

19  Guidelines, which reduced the base offense level of many drug

20  crimes listed in the Guidelines drug quantity table by two

21  levels.  United States v. Mitchell, No. 1:12-CR-0199 LJO SKO,

22  2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016).  The Commission

23  voted to make Amendment 782 retroactively applicable.  See

24  U.S.S.G., sup. App'x C, amend. 788 (2014); United States v.

25  Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015).

26           Defendant now moves for a sentence reduction pursuant

27  to Amendment 782 and section 3582(c)(2).  (Def.'s Mot.)  The

28  government opposes defendant's Motion.  (Gov't's Opp'n (Docket

No. 1518).)

           Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." Id. at 826. At step one, the court must determine whether a sentence reduction would be consistent with section 1B1.10 of the Guidelines ("section 1B1.10"). Id. "At step two," the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies [stated in section 1B1.10] is warranted in whole or in part under the particular circumstances of the case." Id. at 827. At step two, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider [the defendant's] post-sentencing conduct." See U.S.S.G. § 1B1.10, comment. n.1(B).

           The parties dispute whether reducing defendant's sentence pursuant to Amendment 782 would be consistent with section 1B1.10. Section 1B1.10 states that a "reduction in [a] defendant's term of imprisonment is not consistent" with its terms if the amendment pursuant to which the defendant seeks the reduction "does not have the effect of lowering [his] guideline range." Id. § 1B1.10(a)(2). The government argues that Amendment 782 did not have the effect of lowering defendant's Guidelines sentencing range because the quantity of drugs the

3

1  court found defendant to be responsible for at the time of

2  sentencing is sufficient to trigger the same base offense level

3  under the revised drug quantity table that it triggered under the

4  2011 version of the drug quantity table--38.  (See Gov't's Opp'n

5  at 2-4.)  Defendant argues that Amendment 782 did have the effect

6  of lowering his Guidelines sentencing range because the quantity

7  of drugs the court found him to be responsible for at sentencing

8  is only sufficient to trigger a base offense level of 36 under

9  the revised drug quantity table.  (See Def.'s Mot. at 2.)  The

10  court need not resolve this dispute.  The court will assume,

11  without deciding, that Amendment 782 lowered defendant's

12  Guidelines sentencing range and defendant is eligible for a

13  sentence reduction at Dillon step one.

14          At Dillon step two, the government contends, and the

15  court agrees, that a sentence reduction is not warranted in

16  defendant's case.  Prison discipline records submitted by the

17  government indicate that since being incarcerated, defendant has

18  been involved in multiple fights: one in March 2012, one in April

19  2013, and one in July 2013.  (See Gov't's Opp'n Ex. A, Gonzales

20  Prison Discipline Records (Docket No. 1518-1).)  The July 2013

21  fight involved a gang-related dispute.  (See id.)  Such records

22  suggest that defendant has remained active in gang activity since

23  being incarcerated and poses a safety risk to the public.  Having

24  considered defendant's post-sentencing conduct and the applicable

25  section 3553(a) factors, the court finds that a sentence

26  reduction is not warranted in defendant's case.  Accordingly, the

27  court will deny defendant's Motion.

28          IT IS THEREFORE ORDERED that defendant's Motion for a

4

1   sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the

2   same hereby is, DENIED.

3   Dated:  May 31, 2017

4   WILLIAM B. SHUBB
  UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28